IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARIANNE E. CHU and<br>MICHAEL C. CHU, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | ) | Case No. 05-0209-CV-W-ODS |
| AMERICAN EXPRESS TRAVEL<br>SERVICES RELATED COMPANY, et al., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

### ORDER AND OPINION (1) GRANTING PLAINTIFFS' MOTION TO REMAND, (2) DENYING DEFENDANT FEDERAL INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE SURREPLY, AND (3) DENYING DEFENDANTS' REQUESTS FOR DISCOVERY AND ORAL ARGUMENT

Pending are several motions. This Order and Opinion addresses Plaintiff's Motion to Remand and the related Motion For Leave to File Surreply filed by Defendant Federal Insurance Company. The former motion is granted and the latter motion is denied. In addition, the requests for discovery and oral argument are denied. The case will be remanded to the Circuit Court for Jackson County, Missouri.

Plaintiffs accepted an offer from Defendant American Express Travel Services Related Company ("American Express") to enroll in an accidental disability plan that provided insurance in the event an accident left an insured totally disabled. Initially, the insurance coverage was provided by Reliance National Insurance Company. At some point, the insurer changed to Federal Insurance Company ("Federal Insurance") and, allegedly, new rules for evaluating and considering claims were instituted.

On August 1, 2000 – a matter of months after enrolling in the disability plan – Plaintiffs were in a Jenny Craig fitness center when Marianne Chu fell to the ground while attempting to sit in a chair. Generally speaking, Plaintiffs allege an unknown Jenny Craig employee moved the chair Ms. Chu was attempting to sit in, thereby causing her to fall. Ms. Chu further alleges she is totally disabled as a result of the injuries she suffered.

Plaintiffs initially filed suit against American Express, Federal Insurance and Jenny Craig in state court.  The defendants removed the case to federal court, and shortly thereafter the case was dismissed without prejudice.  Plaintiffs' refiled virtually the same suit in state court, but this time added a "Jane Doe" defendant (namely, the employee who allegedly moved the chair).   More specifically, Plaintiffs second suit raises a variety of claims against American Express and Federal Insurance predicated on the lack of notice of the rule changes and the refusal to pay on the policy.[1]  They have also asserted claims of negligence against Jenny Craig and "Jane Doe."  American Express and Federal Insurance filed a Notice of Removal, but Jenny Craig declined to join this time. Plaintiffs' Motion to Remand relies on the lack of unanimity; American Express and Federal Insurance offer a variety of reasons why they believe the lack of unanimity is not required, but the Court rejects all of them.

The parties agree that the general rule requires all defendants to agree to removal.  E.g., Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 754-55 (8th Cir. 2001).  Jane Doe's presence is not a factor because this is a fictitious name for an as-yet unknown individual, see 28 U.S.C. § 1441(a), so the key issue is Jenny Craig's decision not to join in the removal.

First, American Express and Federal Insurance impugn Jenny Craig's motives, speculating Jenny Craig and Plaintiffs have worked out some sort of deal whereby Plaintiffs will not seriously pursue its claims against Jenny Craig and Jenny Craig will not assent to removal.  They also ask the Court to allow discovery and conduct proceedings designed, essentially, to determine whether Plaintiffs really intend to pursue their claims against Jenny Craig.  It is true the Court may allow discovery and conduct hearings designed to determine disputed issues of fact that relate to jurisdictional allegations in the pleadings (e.g., to determine a party's citizenship or ascertain the amount in controversy).  Apart from the privilege issues that would undoubtedly arise if the

---

[1]It is not relevant to the issues before the Court, but Defendants apparently contend Ms. Chu's disability is related to a pre-existing condition.

2

proposed depositions of Plaintiffs' and Jenny Craig's attorneys are permitted, the Court does not believe the legal inquiry is proper. The closest example proffered to the Court involved circumstantial evidence that the defendant in question (a tobacco company) actually assisted plaintiffs in pursuing suits against other tobacco companies, In re Tobacco/Governmental Health Care Costs Litigation, 100 F. Supp. 2d 31, 40-41 (D.D.C. 2000), and is thus better understood as examining whether a case or controversy really existed between the plaintiffs and the defendant in question. Cf. Dryden v. Dryden, 265 F.2d 870, 874 (8th Cir. 1959); Hallmark Prod. v. Mosley, 190 F.2d 904, 908 (8th Cir. 1951). The other cases involve factual allegations from the pleadings regarding the court's jurisdiction or instances of fraudulent joinder (which is discussed in the ensuing paragraph). The Court has found no decisions from the Eighth Circuit that permit a district court to inquire into either a plaintiff's commitment to pursuing a claim against a defendant or a defendant's reason for declining to join in a removal attempt.

American Express and Federal Insurance next invoke the concept of fraudulent joinder. The concept is not applicable in this case. Fraudulent joinder exists when it is clear state law does not recognize a claim against the non-diverse defendant. "However, if there is a 'colorable' cause of action - that is, if the state law might impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. . . . if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." Filla v. Norfolk Southern Ry., 336 F.3d 806, 810 (8th Cir. 2003) (footnote omitted). Jenny Craig is not a non-diverse defendant, and there is a reasonable basis in fact and law supporting Plaintiffs' claim. It may be that Plaintiffs will ultimately lose on the merits; it may also be that the state court will dismiss the claim due to a pleading defect or for some other reason. However, fraudulent joinder does not depend on the actual merits of the claim or on the claim's ability to survive a motion to dismiss. See Filla, 336 F.3d at 810-11. Jenny Craig has not been fraudulently joined.

Finally, American Express and Federal Insurance invoke the doctrine of "egregious misjoinder" and contend Jenny Craig should be disregarded because Plaintiffs' claims against them are completely different from their claims against the fitness center. The

3

Eighth Circuit has not addressed, much less recognized, this doctrine; it has, however, been recognized in the Eleventh Circuit. Assuming the Eighth Circuit would adopt the Eleventh Circuit's formulation of this rule, it has no application in this case. The doctrine applies in class action cases where an extremely small minority of the class asserts a claim against a diversity-destroying defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284 (11th Cir. 1998); Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (2000). This is clearly not a class action situation. Moreover, as the name implies, egregious misjoinder is something more than improper joinder and requires the absence of any connection between the claims. Here, the claims are connected by the nature, causation, and extent of Ms. Chu's injuries. The parties' alleged liability is premised on different legal theories and arise from different origins, but common facts lie at their core. The Court concludes Jenny Craig has not been egregiously misjoined.

      While the Court has subject matter jurisdiction, there has been a defect in the removal process because not all defendants seek removal. Accordingly, the case is remanded to the Circuit Court for Jackson County, Missouri. Federal Insurance Company's request to file a surreply is denied because it addresses the viability of Mr. Chu's claims, which is not relevant to the Court's reasoning. Federal Insurance Company's request for oral argument is also denied. All remaining motions (including particularly the motions to dismiss) remain pending for the state court to address on remand.

IT IS SO ORDERED.

DATE: May 2, 2005

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT